IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR262 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **BRIEF IN SUPPORT OF** |
| v. | ) | **APPEAL OF MAGISTRATE'S** |
| | ) | **ORDER SETTING CONDITIONS** |
| CHANNON CRITES, | ) | **OF RELEASE** |
| | ) | |
| Defendant. | ) | |

## FACTS

On July 22, 2009, an Indictment was filed in this court accusing Crites of receiving and possessing child pornography.  Crites was not arrested, but rather the Government chose to have a Summons issued ordering Crites to appear for an initial appearance on the date of this filing.  The Pretrial Services Office prepared a report for the Court recommending release under certain conditions due to the belief that the offense charged and safety concerns for the community cause Crites to pose a danger to the community. Crites has no prior criminal history outside of traffic violations and pretrial only considers him a flight risk due to the charges against him.

At the detention hearing, the Court entered an order of release imposing conditions requiring electronic monitoring and a curfew in part because, following the Adam Walsh Act's amendments to 18 U.S.C. 3142(c)(B), said conditions are now mandatory despite any findings from the evidence that such requirements are necessary.  The Court specifically found the conditions were necessary to reasonably assure the safety of the community and the distance between Crites' home and the pretrial services office.  The Court found that

1

Crites did pose a risk of flight because of the charges against him.  Crites submits there are no aggravating facts which warrant imposing such significant restrictions upon his liberty and submits this brief in support of his objection to condition 7(r) of the Order Setting Conditions of Release.

## **ARGUMENT**

On July 27, 2006, Congress enacted the Adam Walsh Child Protection and Safety Act of 2006.  The Act contained certain amendments to the Bail Reform Act of 1984 (Adam Walsh amendments).  Specifically, 18 U.S.C. § 3142 was amended to require electronic monitoring and a specified curfew as conditions of pretrial release for persons charged with certain crimes, including violations of 18 U.S.C. § 2252(a)(2), under which Crites stands charged.  The bail statute now reads, in relevant part:

> 1) If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person -
>
> > (A) subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a); and
> >
> > (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person, and the community, which may include the condition that the person - -
> >
> > . . .
> >
> > (iv) abide by specified restrictions on personal associations, place of abode, or travel;

2

(v) avoid all contact with an alleged victim of the crime and with potential witnesses who may testify concerning the offense;

(vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;

(vii) comply with a specified curfew;

(viii) refrain from possessing a firearm, destructive device, or other dangerous weapon

. . .

In any case that involves a minor victim under section . . .2252(a)(2). . . of this title, . . . any release order shall contain, at a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii).

18 U.S.C. § 3142(c)(1)(B)(2006).

The language of 18 U.S.C. § 3142(c)(1)(B) now mandates electronic monitoring and other conditions as part of any release order for all listed prosecutions. To the extent that the amendments mandate imposition of certain pretrial release conditions, based solely on the nature of the particular crime charged, they are violative of Crites's Fifth Amendment right to due process of law. That is not to say that the conditions are never appropriate. If Crites were to have been found to be a flight risk for any reason other than the fact that he is now charged with a felony offense, knowing his whereabouts at all times would be a narrowly tailored condition under the circumstances. Those are not Crites' circumstances and the Court erred in finding he posed a risk of nonappearance.

The "fundamental requisite of due process of law is the opportunity to be heard." Goldberg v. Kelley, 397 U.S. 254, 263, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). This right applies no matter what the balance between the interests of the Government, in this case

3

assuring community safety, appearing for trial and not being detained prior to trial.  See, United States v. Crowell, 2006 WL 3541735 (W.D.N.Y. Dec. 7, 2006) (legislative desire to suppress the potential to continue misconduct by persons while on release pending trial does not allow Congress to override fundamental constitutional safeguards of the accused).

The Supreme Court recognized the right to be heard regarding the Bail Reform Act in United States v. Salerno, 481 U.S. 739, 751, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Though the Court upheld the challenge to defendant's detention, the Court relied upon the defendant's opportunity for a determination by a neutral judicial officer before denying defendant's due process challenge finding that "procedures by which a judicial officer evaluates the likelihood of future dangerousness are specifically designed to further the accuracy of that determination."  Id. at 751.  Expanding upon this important principle, the mandatory release conditions of electronic monitoring and a curfew, prior to any evidence being adduced and without any judicial determination that such conditions are warranted, have been held to be unconstitutional in several cases.

In United States v. Crowell, supra, the Court found that this mandatory imposition of conditions effectively created "an irrebuttable presumption that the appearance at trial of arrestees charged with certain crimes, and the safety of the community, cannot be reasonably assured without such conditions." Id. at 32.  In reaching its conclusion that such an "irrebuttable presumption" offended the due process clause, the Crowell Court looked to United States v. Scott, 450 F.3d 863 (9th Cir. 2006), where it held that a state's mandatory release conditions requiring random drug testing and home searches were unconstitutional absent a judicial determination that such conditions were necessary.  Crowell cited Scott for the proposition that "a defendant's arrest on certain charges cannot, without more,

4

establish the defendant's dangerousness requiring the imposition of certain pretrial release conditions; rather, the arrest merely triggers the ability to hold a hearing during which such a determination may be made." Crowell at 34-5, citing Scott at 874. Crowell also held that the Amendments violated the separation of powers doctrine that precludes Congress from prescribing "a rule of decision for courts to follow without permitting courts to exercise their judicial powers independently." 2006 WL 3541735 at *7.

In United States v. Torres, 566 F.Supp.2d 591 (W.D. Tex. 2008), the district court held that the Adam Walsh amendments violated the Due Process Clause stating:

> The Court finds that the procedures contained in the Adam Walsh Amendments to the Bail Reform Act, as set out in the final undesignated paragraph of § 3142(c)(1)(B), violate the *Due Process Clause of the Fifth Amendment*. This paragraph prevents the courts from evaluating and setting relevant conditions of pretrial release, and, instead, mandates conditions which implicate significant liberty interests. Under the Amendments, when a Court sets a secured bail in some amount greater than zero, the Court is no longer able to determine the conditions necessary to ensure an arrestee's appearance at trial nor to assess his or her dangerousness to the community. The Amendments strip away any independent judicial evaluation by mandating that every arrestee be treated the same, that is, subject to a curfew with electronic monitoring, among other conditions of release, regardless of the circumstances. *See Salerno,* 481 U.S. at 751-52. The Court believes that procedural due process as set out by the United States Supreme Court in *Matthews v. Eldridge* and *Salerno* demand more.

Torres at 596. See also, United States v. Vujnovich, 2008 U.S. Dist. LEXIS 20677 (D. Kan. March 11, 2008) (the arrest in and of itself cannot establish a defendant's dangerousness and is insufficient to establish that pretrial release conditions are required); United States v. Arzberger, 2008 U.S. Dist. LEXIS 106499 (S.D.N.Y. December 31, 2008) (district court denied government's motion to modify bail conditions because the requirements under the Adam Walsh Amendments violate due process under the Fifth Amendment by infringing on

5

protected liberty interests without an individualized assessment for the need for said conditions).

Crites submits that mandating electronic monitoring and a curfew eliminates his right to a meaningful hearing and violates his right to procedural due process under the Fifth Amendment.   Imposing these mandatory conditions without regard to an individual defendant's circumstances also allows Congress to force feed the Court targeted release conditions in violation of the separation of powers doctrine.  Moreover, because Crites has never been in serious trouble with the law electronic monitoring and a curfew are unnecessary as release conditions in this case because he is no flight risk.  Also, the fact that Crites does not live within the same community as the pretrial services office does not equate to implementing electronic monitoring as a reasonable condition of release.  The Magistrate erred in holding that electronic monitoring is warranted even if it were not mandatory.

## **CONCLUSION**

Based upon the foregoing argument, Crites respectfully requests an order from this Court holding that the requirements for electronic monitoring and a curfew violate his due process rights under the Fifth Amendment to the United States Constitution.  He further seeks an order finding that said conditions are unnecessary 1)  to protect the community and  the defendant and 2) to ensure that Crites appears for court as ordered.

DATED this 4th day of September, 2009.

CHANNON CRITES, Defendant,

By: /s/ *Michael J. Hansen*
    **Michael J. Hansen**
    **Assistant Federal Public Defender**

6

112 Federal Building
100 Centennial Mall North
Lincoln, NE  68508
(402) 437-5871
Attorney for Defendant

**CERTIFICATE OF SERVICE**

Assistant Federal Public Defender Michael J. Hansen hereby certifies that on 4th day of September 2009, the foregoing document was filed with the Clerk of Court, using the CM/ECF system, which sent notification of such filing to AUSA Steve Russell and the United States Pretrial Services Office.

/s/  *Michael J. Hansen*
Michael J. Hansen

7