IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR262 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| CHANNON CRITES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Appeal (Filing No. 12) from the Magistrate Judge's order setting conditions of release (Filing No. 9). The appeal is supported by a brief (Filing No. 13).

### FACTUAL BACKGROUND

The Defendant is charged in a three-count Indictment with: receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count I); possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count II); and criminal forfeiture, in violation of 18 U.S.C. § 2253 (Count III). The issue of release was addressed at the Defendant's initial appearance and arraignment, and Magistrate Judge Thomas D. Thalken entered an order setting conditions of release. (Filing No. 9.) Additional condition 7(r) requires home confinement with electronic monitoring, together with a curfew restricting the Defendant to his residence daily from "2200 to 0600, or as directed by the pretrial services officer or supervising officer." (Filing No. 9, ¶ 7(r).) The Defendant argues on appeal that this condition violates his Fifth Amendment due process rights.

**DISCUSSION**

This matter is reviewed de novo. NECrimR 46.2(c). Although a significant question is presented, the Court cannot proceed with a de novo review because a transcript of the detention hearing is not before the Court. Nevertheless, the Court will briefly address the issue based on the record presented.

The Bail Reform Act now requires, at a minimum, in a case involving allegations under 18 U.S.C. § 2252A(a)(2), a condition requiring electronic monitoring together with additional conditions that include a specified curfew. 18 U.S.C. § 3142(c). This amendment is a result of the 2006 passage of the Adam Walsh Child Protection and Safety Act.

The Defendant argues that the imposition of electronic monitoring and a curfew violates his procedural due process rights under the Fifth Amendment. Some courts have concluded that the Adam Walsh amendments to the Bail Reform Act do not violate the Due Process Clause. *See, e.g., United States v. Cossey,* 2009 WL 2232222 (D. Mont. July 27, 2009); *United States v. Gardner,* 523 F. Supp. 2d 1025 (N.D. Cal. 2007). Other courts, however, have held that the electronic monitoring or curfew conditions imposed in a child pornography case facially violate a defendant's procedural due process rights. *See, e.g., United States v. Smedley,* 611 F. Supp. 2d 971, 975 (E.D. Mo. Apr. 22, 2009); *United States v. Arzberger,* 592 F. Supp. 2d 590, 600 (S.D.N.Y. Dec. 31, 2008 (2008). In two cases in this district in which former Magistrate Judge David L. Piester concluded that the electronic monitoring and curfew conditions violated the defendant's due process rights, U.S. District Judge Richard G. Kopf directed that Judge Piester hold supplemental hearings to determine whether the conditions were appropriate as applied to the individual

defendants. *United States v. Rueb,* 2009 WL 1532502 (D. Neb. May 29, 2009); *United States v. Merritt,* 2009 WL 1543306 (D. Neb. May 29, 2009).

Although Crites has not ordered a transcript of the hearing before Judge Thalken, the Defendant's brief states: "The Court specifically found the conditions were necessary to reasonably assure the safety of the community and the distance between Crites' home and the pretrial services office. The Court found that Crites did pose a risk of flight because of the charges against him." (Filing No. 13, at 1-2.) Therefore, given the record available to the Court, it appears that Judge Thalken analyzed whether the electronic monitoring and curfew conditions were appropriate for this Defendant. Therefore, the application of those conditions did not violate this Defendant's procedural due process rights. The appeal is denied.

IT IS ORDERED:

1. The Defendant's appeal (Filing No. 12) is denied; and
2. The Magistrate Judge's order setting conditions of release (Filing No. 9) is affirmed.

DATED this 11th day of September, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge