IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR262 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CHANNON CRITES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions filed by the Defendant, Channon Crites: Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 76); for leave to proceed in forma pauperis (Filing No. 77); and for the release of grand jury transcripts (Filing No. 81).

## FACTUAL BACKGROUND

Crites pleaded guilty to Counts I and III of the Indictment charging him with the receipt and distribution of child pornography (Count I) and forfeiture (Count III). Crites was in a sentencing guideline range of 210-240 months based on a total offense level of 37 and placement in Criminal History Category I, together with the application of the statutory maximum sentence of 20 years. Crites's attorney, Assistant Federal Public Defender Michael Hansen, did not object to the Presentence Investigation Report ("PSR"). However, Hansen filed a motion for deviation or variance in which he requested a 60-month sentence. At sentencing, Hansen stated that he and Crites had gone through the PSR, the Tentative Findings, and the sentencing recommendation. The Court sentenced Crites to 96 months imprisonment. Crites appealed, and the Eighth Circuit affirmed his sentence in a per curiam opinion. His timely § 2255 motion followed.

**Motion to Vacate Under § 2255; Leave to Proceed In Forma Pauperis**

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Crites's motion includes two grounds, which are essentially identical. He argues that his attorney was ineffective for failing to review his PSR with him. In his "Affidavit" attached to his motion, Crites also argues that his attorney was ineffective for not filing a response to the government's responsive brief on appeal. Therefore, the Court will address the arguments as two separate grounds.

In order to establish ineffective assistance of counsel, Crites must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

The record does not support Crites's claim that Hansen did not review the PSR with Crites prior to the sentencing hearing. Hansen represented to the Court that he had done so, and Crites did not state otherwise. In fact, Crites declined to say anything when he was asked whether he wished to do so. Moreover, Crites has not specifically indicated how he was prejudiced by counsel's alleged failure to show him his PSR, other than a general statement that he did not approve of the enhancements included in his guideline calculation. Imposition of a 96-month sentence when Crites was faced with a guideline range of 210-240 months does not support any claim of prejudice.

Turning to Crites's argument that Hansen was ineffective for not filing a reply to the government's response brief on appeal, the Court notes that reply briefs are not required. Fed. R. App. P. 28(c).

In summary, Crites cannot prove either prong of *Strickland* with respect to either of his claims alleging ineffective assistance of counsel. Because his § 2255 motion will be summarily denied, the Court will deny as moot his motion for leave to proceed in forma pauperis.

**Grand Jury Transcripts**

Crites requests his grand jury transcripts, without stating a supporting reason. The decision whether to release grand jury transcripts is within the Court's discretion. Grand jury transcripts may be released only upon a showing of a "particularized need." *United States v. Broyles,* 37 F.3d 1314, 1318 (8th Cir. 1994). Crites has not shown a "particularized need," and therefore his motion will be denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 76);

2. The Court summarily dismisses the Defendant's § 2255 motion (Filing No. 76);

3. The Defendant's motion for leave to proceed in forma pauperis (Filing No. 77) is denied as moot;

4. The Defendant's motion for grand jury transcripts (Filing No. 81) is denied;

5. A separate Judgment will be issued denying the § 2255 motion; and

6. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 17th day of January, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge